UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A SPANN,<br><br>  Plaintiff,<br><br>  v.<br><br>INDIANA STATE OF, BENNET, MORGAN, WILLIAM HYATTE, MIAMI CORRECTIONAL FACILITY, CURTIS HILL, ANGLE,<br><br>  Defendants. | CAUSE NO. 3:20-CV-611-RLM-MGG |

OPINION AND ORDER

Richard A. Spann, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983.[1] (ECF 5.) The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Spann is housed at Miami Correctional Facility. He claims that in early July, the toilet in his cell flooded, causing water filled with urine and feces to

---

[1] Mr. Spann's original complaint was stricken with leave to replead, as it contained unrelated claims against unrelated defendants.

flood his cell. He states that he complained to Correctional Officer Easley, Lieutenant Morgan, Captain Bennet, Correctional Officer Cruz, Mr. Angle, and Deputy Warden Sharon Hawk about his flooded cell, but they didn't address the problem for four and a half days. During that time, he was "forced to eat, drink, breath, and live in a cell flooded with others' urine and feces." He used his clothing and bed mat to try to soak up some of the water, causing his hands, feet, legs, and face to come in contact with the dirty water. He alleges that he suffered stress, anxiety, itching, and difficulty breathing as a result of this condition.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate shelter, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. at 834; Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Mr. Spann the inferences to which he is entitled at this stage, he has plausibly alleged that he was denied the minimal civilized measure of life's

2

necessities when he was forced to live in a cell flooded with urine and feces for four days. He claims that he complained directly to Correctional Officer Easley, Lieutenant Morgan, Captain Bennet, Correctional Officer Cruz, Mr. Angle, and Deputy Warden Hawk about this condition, but they ignored him. He will be permitted to proceed past the pleading stage against these defendants. *See* Hardeman v. Curran, 933 F.3d 816, 821 (7th Cir. 2019) (recognizing clearly established Eighth Amendment right of inmates "not to be forced to live surrounded by their own and others' excrement"); Johnson v. Pelker, 891 F.2d 136, 139 (7th Cir. 1989) (reversing summary judgment for defendant where evidence showed that inmate was housed in a cell for three days with feces on the wall and his requests for cleaning supplies were ignored).

He also sues Indiana Attorney General Curtis Hill and Miami Correctional Facility Warden William Hyatte, but there is no indication from the complaint that they were personally involved in these events or personally aware of the conditions in Mr. Spann's cell. They can't be held liable simply because they oversee law-enforcement operations or supervise correctional staff. *See* Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009); George v. Spann, 507 F.3d 605, 609 (7th Cir. 2007). He also sues Miami Correctional Facility, but that's a building, not a person or a policy-making body that can be held liable under 42 U.S.C. § 1983. *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, the Eleventh Amendment bars his claim against the State of

Indiana. de Lima Silva v. Dep't of Corr., 917 F.3d 546, 565 (7th Cir. 2019). Mr. Spann can't proceed against these defendants.

As a final matter, Mr. Spann has filed a "motion to join documents." (ECF 6.) This motion is difficult to understand, but he appears to ask that a "security interest" he filed in another pending case be added to the docket in this case. He believes this document establishes his "titleholder status," as a "Moorish American" citizen. It's not entirely clear what he is trying to accomplish with this filing, but any claim he is seeking to raise regarding his alleged "Moorish American" citizenship is legally frivolous.[2] *See* United States v. Benabe, 654 F.3d 753, 767 (7th 2011); United States v. Toader, 409 F. App'x 9, at *13 (7th Cir. Nov. 24, 2010). This motion will be denied.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Correctional Officer Easley, Lieutenant Morgan, Captain Bennet, Correctional Officer Cruz, Mr. Angle, and Deputy Warden Hawk in their personal capacity for money damages for denying the plaintiff sanitary living conditions as required by the Eighth Amendment;

(2) DISMISSES William Hyatte, Miami Correctional Facility, Curtis Hill, and the State of Indiana as defendants;

(3) DISMISSES all other claims;

---

[2] The court notes that Mr. Spann's "security interest" was rejected by the court in the other case, to the extent he was trying to use this document as payment of the filing fee. *See* Spann v. State of Indiana, 3:20-cv-595-DRL-MGG, ECF 5.

(4) DIRECTS the clerk to send a Waiver of Service request to (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Easley, Lieutenant Morgan, Captain Bennet, Correctional Officer Cruz, Mr. Angle, and Deputy Warden Sharon Hawk, along with a copy of this order and the amended complaint (ECF 5), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Correctional Officer Easley, Lieutenant Morgan, Captain Bennet, Correctional Officer Cruz, Mr. Angle, and Deputy Warden Hawk respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(7) DENIES the motion to join documents (ECF 6).

SO ORDERED on September 2, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT