UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-611-RLM-MGG |
| BENNET, et al., | |
| Defendants. | |

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, sues "Correctional Officer Easley, Lieutenant Morgan, Captain Bennet, Correctional Officer Cruz, Mr. Angle, and Deputy Warden Hawk in their personal capacity for money damages for denying the plaintiff sanitary living conditions as required by the Eighth Amendment . . .." ECF 10 at 4. Mr. Spann-El alleged in his complaint that he was required to live in unsanitary conditions for four-and-a-half days in early July 2020. ECF 5 at 2. The defendants moved for summary judgment, arguing Mr. Spann-El didn't exhaust his administrative remedies before filing suit. ECF 33.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Our court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). Exhaustion isn't

2

required "when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." Hill v. Snyder, 817 F.3d 1037, 1041 (7th Cir. 2016).

In their summary judgment motion, the defendants argue Mr. Spann-El didn't exhaust his administrative remedies because he didn't file any formal grievances or other grievance-related records related to his claims between July 2020 and December 2020. ECF 34 at 8. The defendants attach Mr. Spann-El's grievance history, which indicates the prison hasn't recorded any grievances filed by Mr. Spann-El since February 2015. ECF 34-3.

Mr. Spann-El doesn't dispute that a grievance process was in place or that his claims were grievable. He argues the grievance remedies were unavailable to him because the prison wouldn't timely provide him with the proper grievance forms. ECF 47. Mr. Spann-El states in an affidavit he made numerous attempts to get the correct grievance forms, but the prison would only provide him with "pink request forms" and "medical forms." *Id.* at 2-4. Mr. Spann-El attests he filled out and submitted the pink request forms and medical forms in July 2020 to try to exhaust his remedies. *Id.* He attests he eventually submitted a grievance on the proper form once he received the form. *Id.* at 3.

The defendants haven't responded to Mr. Spann-El's statements. The defendants haven't carried their burden of proving Mr. Spann-El did not exhaust his administrative remedies because they haven't shown that the grievance process was available to Mr. Spann-El. *See* King v. McCarty, 781 F.3d at 893; Woodford v. Ngo,

3

548 U.S. at 102; Hill v. Snyder, 817 F.3d at 1041. For these reasons, the court DENIES the motion for summary judgment (ECF 33).

SO ORDERED.

Dated: June 28, 2021

/s/ Robert L. Miller, Jr.
Judge
United States District Judge