UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

        v.                           CAUSE NO. 3:20-CV-611-MGG

BENNET, et al.,

    Defendants.

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, is proceeding on a claim that Deputy Warden Sharon Hawk, Captain Robert Bennett, Lieutenant Josh Morgan, Officer Jonathan Cruz, Officer Madison Easley, and Miami Correctional Facility ("MCF") Unit Team Manager Nathanael Angle (collectively "Defendants") were deliberately indifferent to his need for sanitary living conditions in violation of the Eighth Amendment. Specifically, he claims that for four-and-a-half days in early July 2020, he was forced to live in a cell containing urine and feces and was denied access to cleaning supplies. He claims that all of the Defendants were personally aware of this issue and refused to do anything about it. (ECF 10.)

Mr. Spann-El now moves for summary judgment in his favor. (ECF 67.) Defendants oppose the motion. (ECF 70.) Mr. Spann-El did not file any reply in support of his motion, and the time for doing so has passed. *See* N.D. IND. L.R. 56-1(c). The motion is ripe for adjudication.

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). In deciding whether a genuine dispute of fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party, and . . . draw all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted). At the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (citations omitted).

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of prison staff leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate shelter and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478.

The court begins by noting that Mr. Spann-El's motion was filed in January 2022, when the parties were in the midst of discovery. He argues that he is entitled to summary judgment in his favor because "the defendants did not & will not testify under oath and under the pains & penalties of perjury that the incidents of 7/5/20-7/15/20 or so <u>did not</u> occur." (ECF 67 at 2.) He further argues that the only issue in dispute was whether he exhausted his administrative remedies, and because that issue was resolved in his favor, he is entitled to judgment on the merits. (*Id.*; *see also* ECF 48 (denying Defendants' motion for summary judgment asserting an exhaustion defense).)

The court finds his arguments unpersuasive. The fact that he prevailed on the issue of exhaustion does not mean he is entitled to summary judgment on the merits of his claim. Exhaustion is simply a "preliminary issue" that must be decided by the court before the case can proceed to the merits. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). As to the merits, Mr. Spann-El appears to believe that Defendants are required to

3

prove a negative, but that is not the standard for granting summary judgment. Instead, it is Mr. Spann-El's burden to demonstrate that he has undisputed evidence to support all the elements of his claim and that he is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Because Mr. Spann-El is the movant, the court must construe the record and all reasonable inferences arising therefrom in Defendants' favor. *Dunn,* 880 F.3d at 905.

Mr. Spann-El asserts that his cell had urine and feces in it for a period of four days, but he makes clear that this was due to a burst pipe, not to any intentional or reckless conduct by Defendants. (ECF 67 at 2.) He also does not describe the conditions in enough detail for the court to gauge how serious it was. Being forced to live "surrounded" by others' excrement satisfies the objective prong of the Eighth Amendment inquiry. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *see also Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (reversing summary judgment for defendant where evidence showed that inmate was housed in a cell covered with feces and his requests for cleaning supplies were ignored). Here, though, it is not clear from Mr. Spann-El's brief account whether there was a puddle in one corner of his cell, or whether the cell was covered in feces and urine so as to amount to the denial of the minimal civilized measure of life's necessities. At this stage, the court must construe all inferences in favor of Defendants.

Additionally, his motion is not supported by evidence to show that each individual Defendant was personally aware of the conditions in his cell and deliberately turned a blind eye to them. Liability under 42 U.S.C. § 1983 is based on personal

4

responsibility, and the Defendants cannot be held liable just because they work at the prison or because they supervise other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). He points generally to the allegations in his complaint, but this case has proceeded past the pleading stage. To obtain summary judgment in his favor, Mr. Spann-El must come forward with *evidence* to prove his claims. He has not done so.

For their part, Defendants dispute that they had knowledge of any such conditions. They point to the absence of any grievance about this issue which might have put them on notice.[1] (ECF 59-1.) They also point to the prison's sanitation standards, which among other things provide for regular inspections of housing units and for floors to be swept and mopped daily by responsible staff. (ECF 59-2 at 12-13.) Those standards also provide that inmates like Mr. Spann-El can request cleaning supplies on a daily basis. (*Id.* at 19.) This evidence, construed in favor of Defendants, undercuts Mr. Spann-El's account that he had no means of cleaning his cell and that Defendants knew about the unsanitary conditions he was living in. The general failure of prison staff to maintain housekeeping standards might show negligence, but negligence does not violate the Eighth Amendment. *Hildreth*, 960 F.3d at 425. Mr. Spann-El has not demonstrated an entitlement to summary judgment in his favor.[2]

---

[1] Although Mr. Spann-El prevailed on the exhaustion issue, it was because the court concluded that the grievance process was effectively unavailable to him, not because he completed the grievance procedures outlined in the prison's policy. (ECF 48.)

[2] Defendants' motion for summary judgment remains pending, as it is not yet fully briefed. (*See* ECF 81, 90.)

5

For these reasons, the plaintiff's motion for summary judgment (ECF 67) is DENIED.

SO ORDERED on August 22, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
